Van Voobhis, J.
(dissenting). The court is unanimous that the conduct engaged in by defendant toward plaintiff, as found by the trial court, was such as to justify plaintiff in suing for a separation. It is stated in the opinion Per Curiam that the parties “ have not been living together as husband and wife and that they have been living as separate lives as two people could do within the confines of a small apartment ”, but nevertheless the complaint is being dismissed for the sole reason that plaintiff has not left this apartment. That is a circumstance having evidentiary value, which in many cases might properly result in findings of fact against the party suing for a separation, but it appears to be erroneous to establish a rule of law that a judgment of separation can never be granted if the parties are living under the same roof. It is difficult, even for persons of independent means, to find housing accommodations in New York City at the present time. It is impossible for a middle aged married woman without near relatives, funds or employment, if her husband is intransigent, to leave his abode and find support and maintenance except with the gravest difficulty. Where, as here, the husband has been adjudged guilty of severe mental cruelty as well as of physical violence, and has refused to pay for the wife’s necessary medical or hospital expenses, and their married life of eighteen years’ duration has been terminated in all other respects, it seems unwarranted to deny her a limited divorce as matter of law upon the ground stated. The reasoning of the opinion written by Justice Rutledge in Pedersen v. Pedersen (107 F. 2d 227) is in point, and is as cogent as his citation is impressive of decisions in other States, and of text writers upon this subject. Pedersen v. Pedersen was followed by Justice Walteb in List v. List (186 Misc. 261). It is especially difficult to justify a condition precedent that estranged couples must be under separate roofs in a State where continued refusal of sexual intercourse, without excuse, is held to be by itself a sufficient ground for a separation decree (Mirizio v. Mirizio, 242 N. Y. 74). Are we to say that such a state of facts cannot be considered except where the parties are living at different addresses? Ceva v. Ceva (271 App. Div. 449, affd. 297 N. Y. 484), involved other factors, and appears to have been decided upon the facts.
*562 Inasmuch as the complaint is being dismissed, it is unnecessary to consider in a dissenting opinion whether the amount of alimony awarded should be reduced.
The judgment appealed from should be affirmed, except that I do not consider the question of the amount of alimony.
Peck, P. J., Dobe, Cohn and Callahan, JJ., concur in Per Curiam opinion; Van Voobhis, J., dissents in opinion.
Judgment reversed and the complaint dismissed. Settle order on notice.